IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN FRANCIS,

      Plaintiff,                    No. 2:09-cv-0640 JAM KJN P

     vs.

MATTHEW CATE, et al.,

      Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding without counsel with a civil rights complaint pursuant to 42 U.S.C. § 1983. On November 5, 2010, plaintiff filed a notice stating he had filed a reply to defendants' opposition to the motion to compel, and asked the court to consider the reply. Review of the court's docket reflects that plaintiff's reply was filed on October 22, 2010, and entered on the court's docket on October 25, 2010.

        Pursuant to Local Rule 230(*l*), plaintiff's reply was due seven days after the filing of defendants' opposition. Id. Defendants' opposition was filed on October 7, 2010. The seven day period was extended by an additional three days' for mailing; therefore, plaintiff's opposition was due on or before October 18, 2010, because the third day fell on a Sunday. Plaintiff's reply was given to prison officials for mailing on October 19, 2010. Houston v. Lack, 487 U.S. 266, 270-72, 275 (1988) ("mailbox rule"). Thus, plaintiff's reply was untimely.

1

But even assuming plaintiff's reply was timely, the outcome of the motion would not change. As previously noted, plaintiff "repeatedly reviewed his medical file between February 16, 2010 and June 30, 2010." (Dkt. No. 52 at 2.) Defendants also provided evidence that on August 29, 2010, plaintiff was given 375 pages of his medical file, which Mary Kimbrell, Litigation Coordinator, stated was plaintiff's "whole medical chart." (Dkt. No. 52 at 6.) In his reply, plaintiff alleges this was only a partial copy of the medical records he asked for, but plaintiff failed to specify what records, if any, he alleges were omitted, and also failed to identify what records were actually provided.

Moreover, defendants' counsel offered to obtain the records for plaintiff if plaintiff provided a release form. Plaintiff complains that the release provided by defendants was blank and he didn't want to "give defendants attorneys access to whatever they wanted without knowledge of what they wanted." (Dkt. No. 53 at 2.) However, plaintiff could have inserted details or drafted his own release that included the time periods or documents plaintiff sought.

Accordingly, IT IS HEREBY ORDERED that plaintiff's November 5, 2010 request (dkt. no. 55) is denied.

DATED: January 10, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fran0640.req