1

2

3

4

5

6

7

8                        IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN FRANCIS,

11            Plaintiff,                    No. 2:09-cv-0640 JAM KJN P

12       vs.

13   MATTHEW CATE, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16       Plaintiff is a state prisoner proceeding without counsel with a civil rights

17   complaint pursuant to 42 U.S.C. § 1983.  On December 9, 2010, plaintiff filed a document

18   stating he has been denied "all access to the law library."  (Dkt. No. 56 at 1.)  Plaintiff states he

19   has filed "numerous inmate requests for interview," requests for copies of cases he needs, and

20   two emergency 602 appeals, which he claims have been processed normally.  (<u>Id</u>.)

21       However, plaintiff does not explain why he has been denied access.  It is unclear

22   whether plaintiff is housed in administrative segregation and is therefore subject to more limited

23   access and must rely on prison officials to provide him with copies of legal research he requests.

24   Therefore, the court is unable to discern whether plaintiff has followed prison procedure in

25   seeking to obtain access to the law library, whether his work schedule inhibits his ability to gain

26   access, or whether something else is standing in his way.  It is unclear why plaintiff would submit

1

1   a "request for interview" to obtain access to the law library.  Because plaintiff has provided

2   insufficient information, his request is denied without prejudice.  Plaintiff is cautioned that he

3   should seek the assistance of prison officials to ensure he has followed proper procedure in his

4   efforts to obtain law library access before renewing any request.[1]

5           Moreover, at the time plaintiff filed his motion, there was no pending motion

6   requiring his immediate attention.  However, on January 4, 2011, defendants filed a motion for

7   summary judgment.  The January 4, 2011, filing of defendants' motion for summary judgment

8   should provide plaintiff with the deadline he needs to obtain access to the prison law library.

9   Plaintiff is reminded that pursuant to Local Rule 230(l), he is required to file an opposition

10  within twenty-one days from the date the motion was filed.  In addition, pursuant to the court's

11  August 4, 2009 order, plaintiff must meet certain requirements to oppose a motion for summary

12  judgment.[2]  (Dkt. No. 11 at 4.)  While this court understands the necessity of regulating

13

14      [1]  In addition, any additional request should provide factual details set forth under penalty
    of perjury, and append copies of requests made to prison officials that demonstrate plaintiff first

15  availed himself of the procedures the institution requires to obtain access to the prison law
    library.

16

17      [2]  Pursuant to Rand v. Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied,
    527 U.S. 1035 (1999); and Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988), plaintiff is

18  advised of the following requirements for opposing a motion for summary judgment made by a
    defendant pursuant to Rule 56 of the Federal Rules of Civil Procedure.  Such a motion is a

19  request for an order for judgment in favor of the defendant without trial.  A defendant's motion
    for summary judgment will set forth the facts that the defendant contends are not reasonably

20  subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary
    judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of

21  the following ways.  Plaintiff may rely upon statements made under penalty of perjury in the
    complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and

22  plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies.
    Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that

23  plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must
    have personal knowledge of the facts stated.  Plaintiff may rely upon written records, but plaintiff

24  must prove that the records are what plaintiff claims they are.  Plaintiff may rely upon all or any
    part of the transcript of one or more depositions, answers to interrogatories, or admissions

25  obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with
    counteraffidavits or other admissible evidence, the defendant's evidence may be taken as the

26  truth and the defendant's motion for summary judgment granted.  If there is some good reason
    why such facts are not available to plaintiff when required to oppose a motion for summary

1  prisoners' access to the law library, prisoners "must be ensured meaningful access to the courts."

2  Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998) (citations omitted).  This court cannot rule on

3  defendants' motion for summary judgment unless and until plaintiff has sufficient access to the

4  law library to prepare an opposition.  Accordingly, plaintiff will be provided an extension of time

5  in which to file his opposition.

6          Accordingly, IT IS HEREBY ORDERED that:

7          1.  Plaintiff's December 9, 2010 motion (dkt. no. 56) is denied without prejudice.

8          2.  Plaintiff is granted thirty days from the date of this order to file an opposition

9  to the January 4, 2011 motion for summary judgment.

10  DATED:  January 20, 2011

12                                        _____
                                          KENDALL J. NEWMAN
13                                        UNITED STATES MAGISTRATE JUDGE

14  fran0640.lla

---

judgment, the court will consider a request to postpone consideration of the defendant's motion.
24  If plaintiff does not serve and file a written opposition to the motion or a request to postpone
consideration of the motion, the court may consider the failure to act as a waiver of opposition to
25  the defendant's motion.  If the defendant's motion for summary judgment, whether opposed or
unopposed, is granted, judgment will be entered for such defendant without a trial and the case
26  will be closed as to that defendant.