IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN FRANCIS,

        Plaintiff,                     No. 2:09-cv-0640 JAM KJN P

    vs.

BACA, STREET, REICHERT,
AND POMAZZAL,

        Defendants.            ORDER

                             /

        Plaintiff requested the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). "A motion for appointment of counsel under 28 U.S.C. § 1915 is addressed to the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745 F.2d 1221, 1236 (9th Cir. 1984) (citation omitted).

> A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity

1

of the legal issues involved. Neither of these factors is dispositive
and both must be viewed together before reaching a decision on
request of counsel under section 1915(d).

Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations and internal punctuation omitted); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances").

In the present case, the court does not find the required exceptional circumstances. Plaintiff alleges straight forward claims of deliberate indifference to serious medical needs, and his filings have been appropriate and articulate, including an opposition to defendants' motion for summary judgment. Plaintiff's motion for the appointment of counsel is therefore denied.

By order filed October 14, 2011, this court directed plaintiff to file a pretrial statement on or before February 3, 2012. Plaintiff has not filed a pretrial statement. Plaintiff is granted a brief extension of time to file a pretrial statement. However, plaintiff is cautioned that failure to timely comply with this order will result in a recommendation that this action be dismissed.

Thus, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (dkt. no. 69) is denied; and

2. Within fourteen days from the date of this order, plaintiff shall file a pretrial statement that complies with this court's October 14, 2011 order; defendants' pretrial statement shall be filed seven days thereafter. Plaintiff is cautioned that failure to timely file a pretrial statement will result in a recommendation that this action be dismissed.

DATED: February 13, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fran0640.31