1

2

3

4

5

6

7

8                                 IN THE UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOHN FRANCIS,

11            Plaintiff,                          No. 2:09-cv-0640 JAM KJN P

12        vs.

13
     BACA, STREET, REICHERT,
14   and POMAZZAL,

15            Defendants.                    <u>ORDER</u>

16   _____/

17            Plaintiff is a state prisoner proceeding without counsel.  On May 29, 2012,

18   plaintiff filed a motion for the attendance of inmate witnesses at trial.  Plaintiff previously

19   submitted declarations from inmates Mason, Breaux, Benge, Lachenauer, and Ludlow.  However,

20   as noted in this court's April 27, 2012 order, inmate Ludlow failed to articulate that he has

21   knowledge of specific facts relevant to the instant action.  Accordingly, plaintiff's motion to call

22   inmate Ludlow as a witness is denied.

23            Moreover, as of June 7, 2012, California Department of Corrections and

24   Rehabilitation ("CDCR") Inmate Locator[1] has no record of inmates Mason, Benge, and

25   _____

26        [1]  CDCR Inmate Locator, http://inmatelocator.cdcr.ca.gov/default.aspx, accessed June 8,
     2012.

1    Lachenauer.  Because it appears these inmates are no longer incarcerated, no writ of habeas

2    corpus ad testificandum is required.  Plaintiff concedes he is unaware of these individuals'

3    whereabouts, so the court will not include them on plaintiff's witness list.

4                As to inmate Neil Joseph Breaux, Inmate #K-90033, CDCR inmate locator

5    reflects he is incarcerated at California Correctional Center ("CCC"), in Susanville, California.

6    Plaintiff has provided a declaration from inmate Breaux indicating he has relevant testimony to

7    offer in this case, but that because plaintiff has lost touch with inmate Breaux, the court should

8    presume inmate Breaux is unwilling to testify.  However, if inmate Breaux is unwilling to testify,

9    plaintiff must pay the daily witness fee of $40.00 and mileage expenses.  Therefore, the court

10   will issue a notice to the litigation coordinator at CCC, by separate order, to ascertain whether or

11   not inmate Breaux is willing to testify voluntarily on plaintiff's behalf.

12               In his pretrial statement, plaintiff also seeks to call as witnesses Dr. Mendoza, Dr.

13   Newmen, Dr. Snell, Dr. Roach, Dr. Starravich, Dr. Ling, Dr. Hershberger, and Dr. Patterson.

14   None of these witnesses are included on defendants' proposed witness list.  As noted in this

15   court's April 27, 2012 order, if any of these potential witnesses have agreed to voluntarily testify

16   on behalf of plaintiff, no further action is required.  (Dkt. No. 77 at 4.)  However, if any of these

17   potential witnesses refuse to testify voluntarily, plaintiff must subpoena them for trial, and if he

18   fails to do so, they will not be called to testify.  With that understanding, these witnesses will be

19   included on plaintiff's witness list, provided plaintiff follows the instructions set forth in the

20   April 27, 2012 order.  Plaintiff may, of course, call witnesses included on defendants' witness

21   list.

22               Plaintiff also seeks to admit the declarations of inmates Mason, Breaux, Benge,

23   Lachenauer, and Ludlow.  However, because only inmate Breaux is being called to testify as a

24   witness, only inmate Breaux' declaration will be included on plaintiff's exhibit list.

25               Finally, on April 27, 2012, the court directed defendants to identify plaintiff's

26   exhibits that might be authenticated by defendants' Custodian of Records, and identify the

                                                        2

1 appropriate Custodian of Records to authenticate records from plaintiff's prison files.  On May

2 25, 2012, defendants filed their response.  Defendants are willing to stipulate to the authenticity

3 of plaintiff's exhibits C, D, E, F, G, H, I and J.  Defendants identified several other exhibits, and

4 documents within specific exhibits, that defendants are unable to authenticate because the

5 documents pre-date defendants' August 2007 subpoena, were illegible, or were not included in

6 plaintiff's central file.  (Dkt. No. 78 at 3.)  Plaintiff is cautioned that if he intends to pursue

7 admission of the exhibits to which defendants are unable to stipulate to authenticate, plaintiff

8 must provide authentication for their admission at trial.  Defendants confirm that the Custodian

9 of Records at California State Prison, Corcoran, can authenticate records from plaintiff's Unit

10 Health Record or Central File.

11          Accordingly, IT IS HEREBY ORDERED that plaintiff's May 29, 2012 motion for

12 the attendance of inmate witnesses at trial (dkt. no. 79) is granted as to inmate Neil J. Breaux, but

13 denied in all other respects.

14 DATED:  June 12, 2012

15

16 _____

17 KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE

18 fran0640.wit

19

20

21

22

23

24

25

26